[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
Resnick, M.L., J. In this appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, appellant, Maria R., the natural mother of Jordan, born August 8, 1998, contends that the trial court erred in terminating her parental rights and granting permanent custody of her minor child to appellee, Lucas County Children Services ("LCCS"). Appellant voluntarily surrendered her parental rights as to her minor daughter, Mariah, and agreed to the award of permanent custody of Mariah to LCCS. Appellant sets forth the following assignments of error:
 "I. THE TRIAL COURT'S GRANT OF PERMANENT CUSTODY WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND THE DETERMINATION THAT LCCSB MADE REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE MINOR CHILD WAS IN ERROR AND PREJUDICED APPELLANT.
 "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT FOUND THAT IT WAS IN THE BEST INTEREST THAT PLAINTIFF-APPELLEE BE GRANTED PERMANENT CUSTODY OF THE CHILD.
 "III. THE TRIAL COURT IMPROPERLY HELD THE PERMANENT CUSTODY HEARING OUTSIDE THE PRESCRIBED TIME LIMITS SET FORTH IN ORC 2151.414 AND THE JUDGMENT ENTRY WAS JOURNALIZED OUT OF TIME WHICH PREJUDICED APPELLANT."
We have considered the entire record of this case and thoroughly reviewed the transcript of the hearing on disposition. Based on that review, we conclude that there is no prejudicial error with regard to appellant's Assignments of Error Nos. I and II. See Appendix A. Therefore, we hereby affirm and adopt the judgment of the Honorable Joseph A. Flores as to these assignments and find them not well-taken.
In Assignment of Error No. III, appellant contends that the trial court erred in holding the disposition hearing beyond the period mandated in R.C. 2151.414(A)(2) and in entering judgment one day past the time allowed in this statute. R.C. 2151.414(A)(2) reads, in material part:
 "The court shall hold the[disposition] hearing scheduled pursuant to division (A)(1) of this section not later than one hundred twenty days after the agency files the motion for permanent custody, except that, for good cause shown, the court may continue the hearing for a reasonable period of time beyond the one-hundred-twenty-day deadline. The court shall issue an order that grants, denies, or otherwise disposes of the motion for permanent custody, and journalize the order, not later than two hundred days after the agency files the motion."
In the present case, the motion for permanent custody was filed on January 19, 2001. The hearing on disposition was scheduled for May 10, 2001, a date falling within one hundred twenty days after LCCS filed its motion for permanent custody. However, Travis D., the alleged natural father of Jordan appeared on May 10, 2001 and requested a continuance for the purpose of obtaining legal representation. Appellant's trial counsel expressly stated that her client would not object to the continuance. After an extensive discussion, the trial court "reluctantly" granted the request for a continuance. The hearing was held on June 26, 2001, one hundred fifty-eight days after the filing of the motion for permanent custody. The trial court entered its judgment on August 8, 2001, two hundred one days after the filing of said motion.
Appellant asserts that failure to strictly comply with the time constraints in R.C. 2151.414(A)(2) requires a court to dismiss the motion for permanent custody. We disagree.
R.C. 2151.414(A)(2) further provides:
 "The failure of the court to comply with the time periods set forth in division (A)(2) of this section does not affect the authority of the court to issue any order under this chapter and does not provide any basis for attacking the jurisdiction of the court or the validity of any order of the court."
In the case before us, the trial court granted a continuance, without objection, for a reasonable period so that Jordan's alleged father could obtain counsel. Furthermore, the statute makes clear the fact that the failure to meet the named time periods does not provide a basis for attacking the validity of the judgment. Accord, In re Goodwin (Aug. 17, 1998), Licking App. No. 98-CA-03, unreported; In re Hare (March 2, 1998), Scioto App. No. 97CA2532, unreported. Therefore, appellant's Assignment of Error No. III is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and Mark L.Pietrykowski, P.J., CONCUR.